EAST BATON ROUGE PARISH
Filed Dec 15, 2020 12:56 PM
Deputy Clerk of Court
E-File Received Dec 15, 2020 11:18 AM
C-702679
27

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. _____                                                        DIVISION "___"

**TYRONE TORRENCE**

**VERSUS**

**WAL-MART LOUISIANA, LLC, WAL-MART STORES, INC., AND WAL-MART BUSINESS REAL ESTATE TRUST**

FILED:_____        _____
                                                                          **DEPUTY CLERK**

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Tyrone Torrence, person of the full age of majority and a resident of the State of Louisiana, who, with respect, shows the Court as follows:

I.

That Wal-Mart Real Estate Business Trust, made a party defendant herein, is a real estate investment trust organized under the laws of the State of Delaware that conducted systematic and continuous business in Louisiana at all relevant times herein. That Wal-Mart Louisiana, LLC, made a party defendant herein, is a limited liability company organized under the laws of Delaware, with its principle place of business in Louisiana, with members domiciled in Arkansas, and that conducted systematic and continuous business in Louisiana at all relevant times herein. That Wal-mart Stores, Inc., made a party defendant herein, is a corporation organized under the laws of Delaware, with its principle place of business in Arkansas, that conducted systematic and continuous business in Louisiana at all relevant times herein. That said defendants are liable, jointly and in solido, to Plaintiff for the following:

II.

That Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Wal-Mart Real Estate Business Trust (collectively "Walmart") own, possess, and exert custody and control over immovable property in Baton Rouge, Louisiana (hereinafter the "Premises"), where said Defendants operate a business open to the general public called "Walmart Neighborhood



Certified True and Correct Copy
CertID: 2020121500608

Myrihh Rosette
East Baton Rouge Parish
Deputy Clerk of Court

General
12/15/2020 12:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Market." While the interplay between these related entities is not fully known, it is believed that Wal-Mart Real Estate Business Trust owns the immovable property and contracts with Wal-Mart Stores, Inc., and Wal-Mart Louisiana, LLC, to jointly operate the business.

III.

Walmart, by virtue of its control over the Premises and the business operations conducted thereon, owes general duties ordinary care to customers entering the Premises to protect and warn of hazards that he knows, or should know, about.

IV.

Walmart further undertook a number of additional specific duties to Plaintiff by virtue of company policies and industry standards. These duties include, but are not limited to taking the following actions to minimize slip, trip, and fall hazards in the walking aisles of their stores:

- Place floor mats properly, where needed, and replace, when needed;
- Use due care when cleaning spills to ensure that all liquid is removed;
- Use due care when placing, and removing, wet floor warning to confirm that customers are adequately warned of any hazard and that the hazard is fully remedied before removing the warning;
- Conduct periodic inspections of store to locate and remove liquid accumulation upon the floors and walking surfaced;
- Warning shoppers of wet floors;
- Provide constant, "Zone defense," in the area to prevent the development of slipping and tripping hazards;
- Warn shoppers of hazardous areas; and to
- Inspect and detect hazardous conditions to prevent falls.

In fact, Wal-Mart instructs its employees that each is responsible for floor safety or all areas, including, but not limited to, reasonable, mandatory, non-discretionary inspection procedures which instruct all employees to be on the lookout for hazardous conditions, including the area where the incident occurred.


Certified True and Correct Copy
CertID: 2020121500608

*Myrilla Rosette*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/15/2020 12:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

V.

Walmart further owed specific, statutory duties of care to identify, eliminate, and warn against unreasonably dangerous conditions at the premises by virtue of their control over the Premises and business conducted thereon pursuant to LSA-CC Arts. 2317 and 2317.1, as well as La. R.S. 9:2800.6, and other applicable law.

VI.

That on the morning of January 22, 2020, Tyrone Torrence was at the Premises to do some shopping.

VII.

That when he went through the checkout line at the Premises at approximately 11:41 A.M., Plaintiff, Tyrone Torrence, encountered a puddle of liquid that constituted an unreasonably dangerous hazard. The puddle was in the checkout aisle intended for customer travel. The risk of harm, namely a fall resulting in injury, was foreseeable from this condition.

VIII.

The puddle of liquid was near locations where Walmart stationed employees and remained in that condition for an unreasonable length of time. Moreover, Walmart employees had actual knowledge of the puddle. At approximately 11:35 A.M., employees placed a warning advising customers of a wet floor in the area and began wiping down the area with towels. Unfortunately, the employees failed to use due care when doing so and improperly dried the area, leaving the aforementioned puddle of liquid remaining in the area. Despite the ongoing presence of that puddle of liquid, Walmart employees removed the wet floor warnings at approximately 11:38 A.M., leaving customers unaware that a puddle of liquid remained in the area after the ineffective and negligent cleaning of Walmart employees. When Tyrone Torrence walked through the checkout aisle and encountered the puddle of liquid at approximately 11:41 A.M., there was no warning of the same.

IX.

Tyrone Torrence slipped on the puddle of liquid in the checkout aisle.


Certified True and Correct Copy
CertID: 2020121500608

Myrtle Rosette
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/15/2020 12:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

X.

That the aforesaid accident occurred through no fault of Plaintiff, Tyrone Torrence, but rather solely through the fault of the Defendants in breaching the aforementioned duties to keep the premises of their establishment clean, safe and free from defects and hazards, and failing to use due care under the circumstances. As such, Defendants are liable to Plaintiff for the damages occasioned by his fall.

XI.

That as a result of the aforesaid fall, Tyronne Torrence has sustained serious injuries to his body and mind including, without limitation, injuries to his head, neck, and back, together with past and future mental anguish and physical suffering; loss of enjoyment of life; past and future expenses for medical care and impairment and disability all of which entitles Plaintiff, Tyrone Torrence, to recover from Defendants the damages as are reasonable in the premises.

XII.

Petitioner shows that this case involves damages which exceed the minimum requirements for trial by jury.

WHEREFORE, Petitioner, Tyrone Torrence, prays that Defendants WAL-MART LOUISIANA, LLC, WAL-MART STORES, INC., AND WAL-MART BUSINESS REAL ESTATE TRUST, be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Petitioner, Tyrone Torrence, and against Defendants, WAL-MART LOUISIANA, LLC, WAL-MART STORES, INC., AND WAL-MART BUSINESS REAL ESTATE TRUST, jointly and/or in solido, for damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

4


**Certified True and Correct Copy**
CertID: 2020121500608

*Myrikh Rosette*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/15/2020 12:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR

NEW ORLEANS, LA 70130
TELEPHONE: (504) 525-8000
FACSIMILE: (800) 878-8937
E-MAIL: mhemmer@morrisbart.com

BY: _____
MATTHEW D. HEMMER, NO. LA34300

**PLEASE SERVE:**

**WAL-MART LOUISIANA, LLC**
Through their registered agent for service of process
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**WAL-MART STORES, INC.**
Through their registered agent for service of process
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**WAL-MART REAL ESTATE BUSINESS TRUST**
Through their registered agent for service of process
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

5


Certified True and Correct Copy
CertID: 2020121500608

Myrtle Rosette
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/15/2020 12:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).